UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| LYUDMYLA PYANKOVSKA, et al.,<br><br>                Plaintiffs,<br>v.<br>SEAN ABID, et al.,<br><br>                Defendants. | Case No. 2:16-cv-02942-JCM-PAL<br><br>**ORDER**<br><br>(Mot. for Pro Se Litigant to<br>File Electronically – ECF No. 17) |

       This matter is before the court on Plaintiff Lyudmyla Pyankovska's Motion for Permission for Electronic Case Filing (ECF No. 17). This Motion is referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A) and LR IB 1-3 of the Local Rules of Practice.

       Plaintiff Lyudmyla Pyankovska is proceeding in this civil rights action *pro se*, which means that she is not represented by an attorney. *See* LSR 2-1. On December 20, 2016, Pyankovska initiated this action by filing a Complaint (ECF No. 1) and paying the court's $400 filing fee. The complaint indicates that four individuals are plaintiffs: Pyankovska, her minor son, A.A., her minor daughter, I.N., and her husband, Rickey Marquez.[1] Ms. Pyankovska is the only individual who signed the complaint. She has not retained counsel to represent her children or sought leave of the court to pursue this action on behalf of her minor children. The current motion asks the court to allow Pyankovska to use the court's CM/ECF system in order to file, access, and electronically serve documents in this case. Having reviewed and considered the matter, and good cause appearing, the court will grant her request. However, she may only file documents on her own behalf.

---

[1] Pursuant to LR IC 6-1 of the Local Rules of Practice, the court has redacted the names of Pyankovska's minor children. *See* LR IC 6-1(a)(2) ("If the involvement of a minor child must be mentioned, only the initials of that child should be used.")

Only a licensed attorney—an active member of the State Bar of Nevada admitted to practice under the Nevada Supreme Court Rules— is authorized to represent a client in Nevada. *Guerin v. Guerin*, 993 P.2d 1256, 1258 (Nev. 2000) (citing NRS 7.285); *Martinez v. Eighth Jud. Dist. Ct.*, 729 P.2d 487, 488 (Nev. 1986) (an individual "has no right to be represented by an agent other than counsel in a court of law"). In federal courts "the parties may plead and conduct their own cases *personally or by counsel*." 28 U.S.C. § 1654 (emphasis added). Although an individual is entitled to represent himself or herself, no rule or statute permits a non-attorney to represent any other person, a company, a trust, or any other entity. *Jackson v. United Artists Theatre Circuit, Inc.*, 278 F.R.D. 586, 596 (D. Nev. 2011); *Salman v. Newell*, 885 P.2d 607, 608 (Nev. 1994). Thus, pro se parties may not pursue claims on behalf of others in a representative capacity. *See, e.g.*, *Simon v. Hartford Life, Inc.*, 546 F.3d 661, 664–65 (9th Cir. 2008) (collecting cases and noting that courts routinely prohibit pro se plaintiffs "from pursuing claims on behalf of others in a representative capacity"); *Russell v. United States*, 308 F.2d 78, 79 (9th Cir. 1962) ("A litigant appearing in propria persona has no authority to represent anyone other than himself.").

Additionally, a parent or guardian may not bring suit in federal court on behalf of their child without first retaining an attorney. *Johns v. County of San Diego*, 114 F.3d 874, 876 (9th Cir. 1997); *see also Buran v. Riggs*, 5 F. Supp. 3d 1212, 1215 (D. Nev. 2014) (noting that father could not bring an action on his minor son's behalf without retaining a lawyer; even if he could not afford to hire a licensed attorney). Rule 17 of the Federal Rules of Civil Procedure requires a court to "appoint a guardian ad litem--or issue another appropriate order--to protect a minor or incompetent person who is unrepresented in an action." Fed. R. Civ. P. 17(c)(2). Under Rule 17(c), a district court has "a legal obligation to consider" whether a minor or incompetent litigant is "adequately protected." *Davis v. Walker*, 745 F.3d 1303, 1312 (9th Cir. 2014).

As the relevant statutes and case law demonstrates, Ms. Pyankovska is not authorized to file documents or make representations to the court on behalf of A.A., I.N., or Rickey Marquez.

Accordingly,

/ / /

/ / /

**IT IS ORDERED:**

1. Plaintiff Lyudmyla Pyankovska's Motion for Permission for Electronic Case Filing (ECF No. 17) is GRANTED IN PART AND DENIED IN PART:

   a. She is authorized to file documents on behalf of herself.

   b. She is *not authorized* to file documents on behalf of A.A., I.N., or Rickey Marquez, either electronically or by physically submitting filings to the Clerk of the Court.

2. Plaintiff must comply with the following procedures in order to activate her CM/ECF account:

   a. On or before **April 28, 2017**, Plaintiff must complete the CM/ECF tutorial, which is accessible on the court's website www.nvd.uscourts.gov in the Civil & Criminal Events Menu, and file certification indicating that she is familiar with the electronic filing procedures and best practices.

   b. Plaintiff is not authorized to file electronically unless the certification is filed with the court within the specified time frame.

   c. Upon timely filing of the certification, Plaintiff shall contact Robert Johnson at the CM/ECF Help Desk at (702) 464-5555 to set up a CM/ECF account.

Dated this 3rd day of April, 2017.

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE

3