UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| LYUDMYLA PYANKOVSKA,<br><br>　　　　　　　　　　Plaintiff(s),<br><br>　v.<br><br>SEAN ABID, et al.,<br><br>　　　　　　　　　　Defendant(s). | Case No. 2:16-CV-2942 JCM (PAL)<br><br>ORDER |

Presently before the court is defendant John Jones' motion to dismiss. (ECF No. 29). Defendants Sean Abid and Angela Abid filed joinders to defendant Jones' motion. (ECF Nos. 42, 43). Plaintiff Lyudmyla Pyankovska, who represents herself *pro se*, filed a response (ECF No. 40), to which defendant Jones replied (ECF No. 45).

Also before the court is plaintiff's motion for leave to file an amended complaint. (ECF No. 41). Defendant Jones filed a response (ECF No. 53), to which defendant Sean Abid joined (ECF No. 55). Plaintiff thereafter filed a reply. (ECF No. 56).

Also before the court is plaintiff's "motion to take judicial notice." (ECF No. 26). Defendants Sean Abid and Angela Abid filed responses (ECF Nos. 27, 28), to which plaintiff replied (ECF No. 35).

Also before the court is defendant Jones' "motion to disregard." (ECF No. 58). Plaintiff has not filed a response, and the time for doing so has since passed.

**I.　　Facts**

Plaintiff and defendant Sean Abid are former spouses who got divorced on February 17, 2010. (ECF No. 1). Pursuant to the divorce decree, the parties agreed to joint legal and physical custody of Aleksandr Abid (hereinafter "Sasha"), their minor child. *Id.*

**James C. Mahan**
**U.S. District Judge**

On or about January 9, 2015, plaintiff filed a motion for contempt of court against defendant Sean Abid. *Id.* Sometime thereafter, defendant Sean Abid inserted a recording device into Sasha's school backpack with the intent of intercepting communications between Sasha, plaintiff, and plaintiff's husband. *Id.* The device recorded multiple conversations between Sasha and plaintiff. *Id.* Defendant Sean Abid brought digital copies of these conversations to his lawyer, defendant Jones, as well as transcribed portions of the recordings in typewritten form. *Id.*

Plaintiff first discovered the existence of the recordings on February 4, 2015, when defendant Jones introduced them as exhibits to a countermotion to modify primary custody. *Id.* Throughout the course of litigation, plaintiff discovered that defendant Sean Abid had deleted portions of the recordings and erased the software that he used to edit the recordings. *Id.* The court subsequently authorized defendants to give copies of the recordings and transcripts to expert witness Dr. Holland to prepare for an interview of Sasha. *Id.*

The court ultimately ruled that the introduction of the recordings as independent evidence would violate NRS 200.650, as defendant Sean Abid's procurement of such recordings did not meet the requirements for the "vicarious consent doctrine." *Id.* However, the court ruled the recordings admissible as a basis for the testimony and report of Dr. Holland. *Id.*

**II.     Legal Standard**

  *a. Motion to dismiss under 12(b)(6)*

A court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "[a] short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

"Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (citation omitted).

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, the court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Id.* at 678–79. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id.* at 678.

Second, the court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id.* at 679. A claim is facially plausible when the plaintiff's complaint alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 678.

Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged—but not shown—that the pleader is entitled to relief." *Id.* (internal quotation marks omitted). When the allegations in a complaint have not crossed the line from conceivable to plausible, plaintiff's claim must be dismissed. *Twombly*, 550 U.S. at 570.

The Ninth Circuit addressed post-*Iqbal* pleading standards in *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). The *Starr* court stated, in relevant part:

> First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively. Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation.

*Id.*

    b. *Motion for leave to file an amended complaint*

Federal Rule of Civil Procedure 15(a) provides that "[t]he court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). The United States Supreme Court has interpreted Rule 15(a) and confirmed the liberal standard district courts must apply when granting such leave. In *Foman v. Davis*, the Supreme Court explained:

> In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc.—the leave sought should, as the rules require, be "freely given."

James C. Mahan
U.S. District Judge

- 3 -

371 U.S. 178, 182 (1962).

Further, Rule 15(a)(1)(B) provides that "[a] party may amend its pleading once as a matter of course within . . . 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b) . . . whichever is earlier." Fed. R. Civ. P. 15(a)(1)(B). Local Rule 15-1(a) states that "the moving party shall attach the proposed amended pleading to any motion to amend . . . ." LR 15-1(a).

**III. Discussion**

*a. Motion to dismiss*

Defendant's motion to dismiss accurately states that plaintiff Pyankovska, who represents herself *pro se*, cannot serve as counsel for the other litigants. Further, defendant's motion accurately states that plaintiff's federal anti-stalking claim fails as a matter of law. As plaintiff acknowledges these defects in her motion to amend her complaint (ECF No. 41), the court will not address the issues further. The court will dismiss all plaintiffs except for Lyudmyla Pyankovska and will dismiss plaintiff's anti-stalking claim.

*i. Wiretap Act claim*

Defendant Jones' motion to dismiss plaintiff's Wiretap Act claim is based primarily on three strands of argument: a lack of scienter[1] functions as a complete bar to Wiretap Act liability; defendant's actions qualify for the litigation privilege; and defendant's actions (and those of Mr. Abid) are privileged under the First Amendment right to petition the government. Plaintiff responds that the litigation privilege is not a valid defense to violations of the Wiretap Act.

18 U.S.C. § 2511 creates a federal cause of action in cases where a party intercepts, discloses, or uses the contents of certain protected communications:

> (1) Except as otherwise specifically provided in this chapter any person who—
> (a) intentionally intercepts, endeavors to intercept, or procures any other person to intercept or endeavor to intercept, any wire, oral, or electronic communication . . .
> (c) intentionally discloses, or endeavors to disclose, to any other person the contents of any wire, oral, or electronic communication, knowing or having reason to know that the information was obtained through the interception of a wire, oral, or electronic communication in violation of this subsection;

---

[1] Stated another way, defendant asserts that a "good faith belief" that one's conduct did not violate the act is sufficient to negate liability.

**James C. Mahan**
**U.S. District Judge**

- 4 -

> (d) intentionally uses, or endeavors to use, the contents of any wire, oral, or electronic communication, knowing or having reason to know that the information was obtained through the interception of a wire, oral, or electronic communication in violation of this subsection . . .
> . . . shall be subject to suit as provided in subsection (5).

18 U.S.C. § 2511. Subsection 5 creates a federal cause of action. *Id.* The private right of action stems from 18 U.S.C. § 2520, subsection a.

*A. Vicarious consent*

As defendant's pleadings with this court place significant reliance upon the theory of "vicarious consent," the court will first address whether the doctrine applies in this circumstance.

18 U.S.C. § 2511(2)(d) provides,

> It shall not be unlawful under this chapter for a person not acting under color of law to intercept a wire, oral, or electronic communication where such person is a party to the communication or where one of the parties to the communication has given prior consent to such interception unless such communication is intercepted for the purpose of committing any criminal or tortious act in violation of the Constitution or laws of the United States or of any State.

Defendant argues that § 2511(2)(d) renders defendant Abid's conduct in taping conversations between Sasha and plaintiff lawful through the doctrine of "vicarious consent." The doctrine allows a parent to consent to conduct on behalf of a child if consent is in the best interest of the child. *Pollock v. Pollock*, 154 F.3d 601, 610-11 (6th Cir. 1998). The parent must have a good faith and objectively reasonable belief that consent is in the child's best interest. *Id.*

The court in *Pollock* conducted an extensive review of the case law up to that point on vicarious consent by one parent to record their child's conversation with the other parent, and noted that courts tended to focus on the following factors: the age of the children, the location of the recording, the type of alleged harm the other parent was inflicting upon the child, and whether the "consenting" parent had custody over the child. *Id.* at 607-610 (citing *Thompson v. Dulaney*, 838 F.Supp. 1535 (D. Utah 1993); *Silas v. Silas*, 680 So.2d 368 (Ala. Civ. App. 1996); *Campbell v. Price*, 2 F. Supp. 2d 1186 (E.D. Ark. 1998); *State v. Diaz*, 308 N.J. Super. 504, 706 A.2d 264 (1998); *Williams v. Williams*, 229 Mich. App. 318, 581 N.W.2d 777 (1998); *West Virginia Dep't of Health & Human Resources v. David L.*, 192 W.Va. 663, 453 S.E.2d 646 (1994)).

Here, defendant Sean Abid placed a recording device in Sasha's backpack without Sasha's consent with the purpose of proving that plaintiff was making disparaging comments to Sasha

James C. Mahan
U.S. District Judge

- 5 -

regarding defendant. Defendant Abid thereafter recorded, transcribed, and distributed portions of conversations between Sasha and plaintiff that occurred in plaintiff's home without the consent of either party. And although Sean Abid had partial custody over Sasha, he did not have custody over Sasha at the time the recordings were made. The doctrine of various consent does not make 18 U.S.C. 2511(2)(d) applicable on these facts.

### B. *Scienter and good faith reliance*

Defendant's scienter and good faith arguments regarding the statute miss the mark. Under 18 U.S.C. § 2520, "a good faith reliance on . . . a court warrant or order . . . or a statutory authorization . . . is a complete defense against any civil or criminal action brought under this chapter or any other law." Defendant cites this language as standing for the proposition that if someone believes their conduct does not violate the statute, then they cannot be held liable under the statute.

Here, the term "statutory authorization" does not mean that defendant's belief that the statute authorized him to intercept a communication serves as a defense. Rather, it means that a party's reliance on a separate statute authorizing conduct that otherwise violates the Wiretap Act serves as a complete defense. If the court were to adopt defendant's reading of the good faith reliance language, then any time a defendant alleges a belief that his conduct did not violate the Wiretap Act, he obtains a complete defense to liability. This is an unreasonable reading of the Wiretap Act.

### C. *Litigation privilege*

The litigation privilege does not, in the context of Wiretap Act claims, serve as a complete bar to liability.[2] In *Babb v. Eagleton*, 616 F. Supp. 2d 1195 (N.D. Okla. 2007), the court held that a "litigation privilege" does not create absolute immunity from Title III liability. *Id.* at 1207. The court based its holding on three separate but connected reasons: cases applying the litigation privilege applied it to state law claims, not federal claims; Tenth Circuit precedent "seems to forbid applying 'state law or policy' as a defense to Title III liability;" and other "courts have allowed

---

[2] Neither party presented the court with controlling or persuasive federal authority discussing litigation privilege in the context of the Wiretap Act.

James C. Mahan
U.S. District Judge

Title III claims to proceed against attorneys even when the attorney used the intercepted communication during the course of judicial proceedings." *Id.*

This court agrees with the holding and reasoning of *Babb*, and will not apply a litigation privilege to absolutely immunize defendant from Title III liability. *See id.*

### D. First Amendment

"The Noerr-Pennington doctrine ensures that those who petition the government for redress of grievances remain immune from liability for statutory violations, notwithstanding the fact that their activity might otherwise be proscribed by the statute involved." *White v. Lee*, 227 F.3d 1214, 1231 (9th Cir. 2000) (citing *Prof. Real Estate Invs., Inc. v Columbia Pictures Indus., Inc.*, 508 U.S. 49, 56 (1993) ("*PREI*"). In *White*, the court considered whether filing a lawsuit constituted protected activity. *Id.* at 1231. The court concluded that "a lawsuit is unprotected only if it is a 'sham'–*i.e.*, 'objectively baseless in the sense that no reasonable litigant could realistically expect success on the merits.'" *Id.* (citing *PREI*, 508 U.S. at 60).

Here, defendant Jones' introduction of evidence into the state court case constitutes protected First Amendment activity. Although the *White* court discussed Noerr-Pennington protection in the context of the right to bring suit, the court holds that its protection extends to the right to introduce evidence so long as introduction of such evidence is not "objectively baseless in the sense that no reasonable litigant could realistically expect [admissibility]." *See* 227 F.3d at 1231. Here, defendant Jones conduct deserves First Amendment protection as he introduced relevant evidence to the state court proceedings and offered a good faith argument for admissibility. *See id.*

#### ii. Summary

Plaintiff's complaint fails to state a claim against defendant Jones upon which relief can be granted. As defendant Jones' complained-of conduct consisted solely of judicial advocacy that is protected by the First Amendment, he cannot be held liable under the Wiretap Act or under plaintiff's other theories of liability. *See* White, 227 F.3d at 1231. However, the same cannot be said of defendant Sean Abid, who plaintiff alleges actively participated in the interception of oral

James C. Mahan
U.S. District Judge

- 7 -

communications of third parties.[3] Plaintiff's complaint states claims against defendant Sean Abid upon which relief can be granted. Therefore, the court will grant defendant's motion to dismiss as to the claims against defendant Jones but will allow the claims against defendant Sean Abid to proceed. *See Twombly*, 550 U.S. at 570.

   *b. Motion for leave to file an amended complaint*

Plaintiff requests leave to amend her complaint for the purpose of curing certain deficiencies articulated in defendant's motion to dismiss. Plaintiff also seeks "to clarify the factual allegations and causes of actions [sic]." (ECF No. 41). Defendant Jones argues that amendment would be futile as plaintiff's complaint fails to state claims upon which relief can be granted and because plaintiff's amendments introduce claims upon which relief cannot be granted. (ECF No. 53).

As an initial matter, plaintiff is not entitled to amend her complaint as a matter of right. Defendant Sean Abid filed a responsive pleading on January 10, 2017, and defendant Jones filed a motion to dismiss on January 10, 2017. As plaintiff did not file her motion to amend until April 7, 2017, she is not entitled to amend her complaint as a matter of right. Fed. R. Civ. P. 15(a)(1). Therefore, plaintiff can amend her complaint only with leave of the court. Fed. R. Civ. P. 15(a)(2).

The court will grant plaintiff leave to file an amended complaint. Amendment should be freely granted unless futile, *Foman v. Davis*, 371 U.S. 178, 182 (1962), and *pro se* pleadings are to be construed liberally, *Erickson v. Pardus*, 551 U.S. 89 (2007). Although her amended complaint suffers from deficiencies articulated in defendant Jones' motion to dismiss, plaintiff's amended complaint improves upon her original filing and adds cognizable causes of action. Further, the only defendant to file a response to plaintiff's request, defendant Jones, will be dismissed from the action. Therefore, leave to amend is appropriate in this case. *See Foman*, 371 U.S. at 182.

. . .

---

[3] Defendant Jones' motion draws attention to the contrast between his conduct and defendant Sean Abid's. *See* (ECF No. 29 at 5) ("Attorney Jones was made aware of, and provided, portions of the recordings *only after they had been made*.") (emphasis in original).

James C. Mahan
U.S. District Judge

*c. Motion to disregard*

Defendant Jones filed a motion to disregard portions of plaintiff's reply in support of her motion for leave to file an amended complaint. As the reply contains impermissible argument that does not relate to the motion for leave, the court will grant defendant's motion to disregard.

**IV.  Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that defendant's motion to dismiss (ECF No. 29) be, and the same hereby is, GRANTED, consistent with the foregoing.

IT IS FURTHER ORDERED that all plaintiffs except for Lyudmyla Pyankovska be, and the same hereby are, dismissed from the instant action.

IT IS FURTHER ORDERED that plaintiff's claims against defendant Jones be, and the same hereby are, DISMISSED.

IT IS FURTHER ORDERED that plaintiff's motion to amend (ECF No. 41) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that plaintiff's "motion to take judicial notice" (ECF No. 26) be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that defendant's "motion to disregard" (ECF No. 58) be, and the same hereby is, GRANTED.

DATED November 16, 2017.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**