UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| LYUDMYLA PYANKOVSKA, | Case No. 2:16-CV-2942 JCM (PAL) |
|---|---|
| Plaintiff(s), | ORDER |
| v. | |
| SEAN ABID, et al., | |
| Defendant(s). | |

Presently before the court is plaintiff Lyudmyla Pyankovska's motion to reconsider. (ECF No. 68). Defendant John Jones filed a response (ECF No. 73), to which plaintiff replied (ECF No. 74).

Also before the court is plaintiff's motion to extend time to file an amended complaint (ECF No. 75).

**I.    Facts**

Plaintiff and defendant Sean Abid are former spouses who got divorced on February 17, 2010. (ECF No. 1). Pursuant to the divorce decree, the parties agreed to joint legal and physical custody of Aleksandr Abid (hereinafter "Sasha"), their minor child. *Id.*

On or about January 9, 2015, plaintiff filed a motion for contempt of court against defendant Sean Abid. *Id.* Sometime thereafter, defendant Sean Abid inserted a recording device into Sasha's school backpack with the intent of intercepting communications between Sasha, plaintiff, and plaintiff's husband. *Id.* The device recorded multiple conversations between Sasha and plaintiff. *Id.* Defendant Sean Abid brought digital copies of these conversations to his lawyer, defendant Jones, as well as transcribed portions of the recordings in typewritten form. *Id.*

Plaintiff first discovered the existence of the recordings on February 4, 2015, when defendant Jones introduced them as exhibits to a countermotion to modify primary custody. *Id.* Throughout the course of litigation, plaintiff discovered that defendant Sean Abid had deleted portions of the recordings and erased the software that he used to edit the recordings. *Id.* The court subsequently authorized defendants to give copies of the recordings and transcripts to expert witness Dr. Holland to prepare for an interview of Sasha. *Id.*

The court ultimately ruled that the introduction of the recordings as independent evidence would violate NRS 200.650, as defendant Sean Abid's procurement of such recordings did not meet the requirements for the "vicarious consent doctrine." *Id.* However, the court ruled the recordings admissible as a basis for the testimony and report of Dr. Holland. *Id.*

On November 16, 2017, the court granted defendant Jones' motion to dismiss, thereby dismissing plaintiff's claims against Jones. (ECF No. 67). In that same order, the court granted plaintiff's motion for leave to amend her complaint.

## II. Legal Standard

A motion for reconsideration "should not be granted, absent highly unusual circumstances." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *School Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993); *see* Fed. R. Civ. P. 60(b).

Rule 59(e) "permits a district court to reconsider and amend a previous order," however "the rule offers an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) (internal quotations omitted). "Motions for reconsideration are not 'the proper vehicles for rehashing old arguments,' and are not 'intended to give an unhappy litigant one additional chance to sway the judge.'" *Hernandez v. IndyMac Bank*, Case No. 2:12-cv-00369-MMD-CWH, 2012 WL 3860646, at *3 (D. Nev. Sept. 15, 2012) (internal citations omitted).

### III. Discussion

*a. Motion for reconsideration*

Plaintiff asks the court to reconsider its order granting defendant's motion to dismiss. (ECF No. 68). Plaintiff's motion does not provide any new law on point. *See id.* Further, the additional facts provided in the motion to reconsider are not pertinent to defendant Jones' conduct, and therefore do not affect defendant's motion to dismiss. *See id.*; (ECF No. 68-1). The rest of plaintiff's motion is devoted to regurgitating previously-made arguments, which is not an appropriate use of a motion for reconsideration. *See Hernandez*, 2012 WL 3860646, at *3. The court will deny plaintiff's motion for reconsideration.

*b. Motion to extend time to file an amended complaint*

Plaintiff's motion to extend time requests multiple forms of relief. *See* (ECF No. 75). This violates Local Rule IC 2-2(b). However, as plaintiff filed the motion *pro se*, the court will consider the motion as one requesting an extension of time to file an amended complaint. *See Erickson v. Pardus*, 551 U.S. 89 (2007) (holding that *pro se* filings are to be liberally construed).

Plaintiff requests additional time to file her amended complaint, citing her status as a *pro se* plaintiff for whom English is not her first language. (ECF No. 75). The court will grant plaintiff an extension of thirty (30) days from the date of this order to file an amended complaint.

### IV. Conclusion

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that plaintiff's motion to reconsider (ECF No. 68) be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that plaintiff's motion to extend time to file an amended complaint (ECF No. 75) be, and the same hereby is, GRANTED, consistent with the foregoing.

DATED May 4, 2018.

 /s/ James C. Mahan
 UNITED STATES DISTRICT JUDGE