UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| LYUDMYLA PYANKOVSKA,<br><br>Plaintiff(s),<br><br>v.<br><br>SEAN ABID, et al.,<br><br>Defendant(s). | Case No. 2:16-CV-2942 JCM (BNW)<br><br>ORDER |

Presently before the court is pro se plaintiff Lyudmyla Pyankovska's ("plaintiff") motion to strike defendant's answer and for entry of default judgment. (ECF No. 114). Defendant Sean Abid filed a response (ECF No. 115), to which plaintiff replied (ECF No. 117).

**I.  Background**

The instant action arises from an ongoing custody dispute between ex-spouses. In January 2015, defendant placed a recording device in his minor son's backpack. (ECF No. 114-2 at 3). Defendant's son took the backpack with him every time he went to plaintiff's house. (ECF No. 81 at 3). Defendant used the covert recording device to intercept and review conversations between his son, plaintiff, and others. *Id.* These conversations took place in plaintiff's home and in her vehicle. *Id.*

Defendant admitted that he destroyed and/or altered portions of the recording, destroyed the original recordings, and destroyed both the computer and recording device that had stored the original recordings. *Id.* at 4; *see also* (ECF Nos. 114-2 at 6–9; 114-3 at 12–19). Defendant used the contents of the edited recording in support of a motion requesting the court order him full custody over the parties' minor son. (ECF No. 81 at 3). Defendant provided the edited recording

to Dr. Stephanie Holland, who conducted a court-ordered child interview in the couples' custody dispute. *Id.*

Although the recording was not allowed into evidence in the custody dispute, the Eighth Judicial District Court nonetheless allowed it as a basis for the testimony and report of Dr. Stephanie Holland. (ECF No. 81 at 5). The state court admitted Dr. Holland's report—which included a transcript of the recording—and allowed her to testify to its contents.[1] *Id.*

On March 1, 2016, the state court granted defendant primary physical custody of the couple's son. *Id.* at 6. The state court's order was predicated on Dr. Holland's testimony and report. *Id.*

Plaintiff filed the instant action on December 20, 2016. (ECF No. 1). On June 3, 2018, plaintiff filed her first amended complaint, alleging a violation of 18 U.S.C. § 2510 et seq., violation of Nevada Revised Statute ("NRS") § 200.650, intrusion upon seclusion, public disclosure of private facts, false light, breach of contract, intentional infliction of emotional distress, and negligent infliction of emotional distress. (ECF No. 81).

On August 24, 2018, plaintiff served defendant with interrogatories, requests for production, and requests for admission. (ECF No. 114 at 4). Defendant responded to plaintiff's requests on September 25, 2018, but "failed to provide any meaningful response" thereto. *Id.* at 4–5. Plaintiff filed several motions, including a motion to compel, in late October 2018. *Id.* at 5; *see also* (ECF No. 103).

Attorney Alex Ghibaudo appeared on defendant's behalf on December 20, 2018. (ECF No. 108). The court ordered defendant to file responses to plaintiff's pending motions by January 22, 2019, and set a motion hearing for February 5, 2019. (ECF No. 111). Despite being represented by counsel and the extension, defendant did not file a response to plaintiff's renewed motion for protective order, motion to compel, or motion for extension of discovery.

---

[1] On appeal, the Nevada Supreme Court held that the district court did not abuse its discretion when it "provid[ed] the recording to a psychologist appointed by the court to evaluate the child's welfare." (ECF No. 106-2 at 5, 15). The Nevada Supreme Court expressed "no opinion as to the legality of [defendant's] actions." *Id.* at 5.

James C. Mahan
U.S. District Judge

- 2 -

At the hearing on plaintiff's motions, the court granted plaintiff's protective order. (ECF No. 112). Notably, however, defendant had posted the transcripts of his recording on the "NEVADA COURT WATCHERS" Facebook page in May 2019. (ECF No. 114-1).[2] Regarding the ongoing discovery dispute between the parties, defendant's attorney represented to the court as follows:

> [Y]our Honor, I believe [plaintiff] has a motion to exten[d] time or extend discovery on as well. I don't oppose that, I was talking to her prior to the hearing, to the extension for all deadlines since I've been on the case. I know that discovery that Mr. Abid has answered is probably insufficient and probably have to revise it and update it and get it out to her in an appropriate way, objections and all. So if the [c]ourt is still going to hear that, I have no opposition to the motion.

(ECF No. 117-2 at 10). The court gave defendant an additional 60 days to complete discovery, 90 days to file any dispositive motions, and 120 days to file a joint pretrial order. *Id.* at 11.

Plaintiff filed the instant motion on May 20, 2019—134 days after the hearing and 14 days after the dispositive motion deadline. (ECF No. 114).

## II. Legal Standard

The court may sanction a party who fails to comply with its discovery obligations pursuant to Federal Rule of Civil Procedure 37. Fed. R. Civ. P. 37. When determining such sanctions, the court weighs five factors: "(1) the public's interest in the expeditious resolution of litigation; (2) the court's need to manage its dockets; (3) the risk of prejudice to the party seeking sanctions; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Leon v. IDX Sys. Corp.*, 464 F.3d 951, 959 (9th Cir. 2006); *see also Holmquist v. Exotic Cars at Caesars Palace, LLC*, No. 2:07-cv-0298-RLH-GWF, 2008 WL 4491551 at *6 (D. Nev. Sept. 29, 2008).

The court need not make explicit findings regarding each factor. *Henry v. Gill Industries*, 938 F.2d 943, 948 (9th Cir. 1993) (citation omitted). However, the key factors are prejudice to the moving party and the availability of lesser sanctions. *Id.* Moreover, sanctions must be reasonably

---

[2] Defendant also posted a copy of plaintiff's motion for protective order on the Facebook page. (ECF No. 114-1).

James C. Mahan
U.S. District Judge

- 3 -

related to the subject of discovery and "are appropriate only in extreme circumstances" and where the failure to appear is due to willfulness, bad faith, or fault of the party. *Fair Housing of Marin v. Combs*, 285 F.3d 899, 905 (9th Cir.), *cert. denied*, 537 U.S. 1018, 123 S.Ct. 536, 154 L.Ed.2d 425 (2002) (citations and internal quotations omitted); *Desert Palace, Inc. v. Michael*, No. 2:16-cv-00462-JAD-GWF, 2018 WL 4205026 at *2 (D. Nev. Sept. 4, 2018) (citation omitted).

### III. Discussion

As an initial matter, plaintiff filed two "first amended complaints"; one on June 3 and another June 4. (ECF Nos. 81; 82). Plaintiff attached the first, June 3, amended complaint to her motion for leave to file an amended complaint. (ECF No. 41-1). The parties have treated the June 3 amended complaint as operative. (*See, e.g.,* ECF No. 84 (defendant's answer)). Thus, the court strikes the June 4 "first amended complaint." (ECF No. 82).

Turning to the instant motion, the court notes that defendant does not address its substance. (*See generally* ECF No. 115). Ordinarily, "[t]he failure of an opposing party to file points and authorities in response to any motion, except a motion under Fed. R. Civ. P. 56 or a motion for attorney's fees, constitutes a consent to the granting of the motion." LR 7-2(d). This court has held that the rule applies in case when a party fails to address a portion of the moving party's motion. *Moore v. Ditech Fin., LLC*, No. 2:16-CV-1602-APG-GWF, 2017 WL 2464437, at *2 (D. Nev. June 7, 2017), *aff'd*, 710 F. App'x 312 (9th Cir. 2018) (holding that the plaintiff "conceded to dismissal" of a claim "by failing to oppose the defendants' arguments *on this point* in their motion to dismiss" (emphasis added)).

Thus, defendant concedes the substance and merit of plaintiff's motion. Before granting the motion, however, the court must consider the four procedural arguments that defendant advances: (1) the court should not grant default judgment because the clerk of court has not entered default, (2) plaintiff's motion for case-dispositive sanctions is untimely, (3) plaintiff did not certify that she attempted to meet and confer with counsel in good faith, and (4) plaintiff's prior motion to compel was denied without prejudice. *Id.*

Defendant's first argument is without merit. Rule 37 subsections (b)(2)(A) and (c)(1)(C) expressly allow the court to "strik[e] pleadings in whole or in part" and "render[] a default

judgment against the disobedient party." Fed. R. Civ. P. 37. Thus, the court may enter default judgment as a discovery sanction. The court now turns to plaintiff's colorable arguments.

The court considers whether it should grant plaintiff's motion even though it is untimely. The court first notes that plaintiff is pro se. Plaintiff's attorney, Mr. Ghibaudo, indicated on Facebook that "absurdity must be met with the absurd. Stupid can't be taken seriously. That horrible Ruskie [plaintiff] . . . is . . . an absurd person who's stupid. She needs to be treated accordingly." (ECF No. 117-1 at 5). The court disagrees. To the contrary, "the standard practice of federal courts is to interpret filings by pro se litigants liberally **and to afford greater latitude as a matter of judicial discretion**." *Ricotta v. California*, 4 F. Supp. 2d 961, 986 (S.D. Cal. 1998) (emphasis added).

Plaintiff indicates that she trusted plaintiff's counsel, as an officer of the court, to honor his representation at the February 5, 2019, hearing:

> Being naïve, plaintiff relied on counsel to resolve outstanding discovery disputes and was not aware that she must contact defendant's counsel numerous times, she misunderstood direction of the court that in 30 days after hearing she must file another motion to compel, instead she was under impression that opposing counsel ha[d] 60 days to provide her with amended responses to her discovery requests. Nothing was done and plaintiff filed her motion for default assuming that opposing counsel intentionally mislead her and court, abandoned his client and acted in bad faith.

(ECF No. 117 at 2). This is also explained by plaintiff's testimony at the February 5 hearing: "I asked for [an] extension **because I asked [for] the production of email correspondence** . . . **I would love them to produce**—yes, **I would like to produce them [sic] what was asked**, that would help me absolutely, yes." (ECF No. 117-2 at 11) (emphasis added). Further, Magistrate Judge Leen did not expressly address the motion to compel at the hearing; instead, the motion to compel was denied without prejudice in her minute order. (ECF No. 112); (*see also* ECF No. 117-2 at 12 ("If you cannot resolve [discovery disputes], you may file a motion to compel, but you have to follow the Rules on that . . . .")).

Defendant cites *Wong v. Regents of the Univ. of Cal.* to emphasize the importance of case-management deadlines. (ECF No. 115 at 3). However, *Wong* in inapposite. In *Wong*, the court addressed the untimely identification of witnesses. *See generally Wong v. Regents of the Univ. of*

*Cal.*, 410 F.3d 1052 (9th Cir. 2005). To the extent that *Wong* is instructive, the Ninth Circuit noted that "[d]eadlines must not be enforced mindlessly, of course." *Id.* at 1060.

The court finds that defendant's conduct and the circumstances surrounding the instant dispute warrant flexibility regarding the dispositive motion deadline. The court will consider plaintiff's motion, plaintiff's two-week delay notwithstanding.

The court turns to defendant's next argument: that he did not violate a court order because plaintiff's motion to compel was denied without prejudice. However, defendant's argument addresses only sanctions pursuant to Rule 37(b). (ECF No. 115 at 4). Plaintiff moved for an order to strike defendant's answer pursuant to both Rule 37(b)(2)(C) and Rule 37(d)(1)(A)(ii). (ECF No. 114 at 2) (emphasis added). Rule 37(d) provides, in relevant part, as follows:

> (d) Party's Failure to Attend Its Own Deposition, Serve Answers to Interrogatories, or Respond to a Request for Inspection.
>
> (1) *In General.*
>
> > (A) Motion; Grounds for Sanctions. The court where the action is pending may, on motion, order sanctions if:
> >
> > . . .
> >
> > (ii) a party, after being properly served with interrogatories under Rule 33 or a request for inspection under Rule 34, fails to serve its answers, objections, or written response.
> >
> > (B) Certification. A motion for sanctions for failing to answer or respond must include a certification that the movant has in good faith conferred or attempted to confer with the party failing to act in an effort to obtain the answer or response without court action.
>
> (2) *Unacceptable Excuse for Failing to Act.* A failure described in Rule 37(d)(1)(A) is not excused on the ground that the discovery sought was objectionable, unless the party failing to act has a pending motion for a protective order under Rule 26(c).
>
> (3) *Types of Sanctions.* Sanctions may include any of the orders listed in Rule 37(b)(2)(A)(i)–(vi). Instead of or in addition to these sanctions, the court must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust.

Here, defendant does not have a pending motion for a protective order. Fed. R. Civ. P. 37(d)(2). Defendant has not demonstrated that his failure to adequately answer plaintiff's interrogatories was substantially justified. Fed. R. Civ. P. 37(d)(3). Accordingly, the court may sanction defendant regardless of whether plaintiff's motion to compel was denied.

Thus, the court may impose case-dispositive sanctions on defendant if plaintiff met the Rule 37(d)(1)(B)'s certification requirement. Plaintiff represents to the court that "[d]efendant has thus far simply ignored plaintiff's efforts to obtain responsive documents to critical, necessary requests prior to the April 8, 2019, fact discovery cutoff—refusing to provide objections, responses, responsive production, **or even to engage in good faith meet and confer**." (ECF No. 114 at 5) (emphasis added). Plaintiff further indicates that she "acted in good faith [by] giving additional time to opposing counsel to redo his client['s] admissions and responses in order to avoid sanctions further [sic] at trial . . . ." (ECF No. 117 at 6).

The court finds that plaintiff has satisfied the meet-and-confer certification requirement. Despite defendant's patent failure to address the substance of plaintiff's motion, the court nonetheless addresses the Ninth Circuit's five factors: "(1) the public's interest in the expeditious resolution of litigation; (2) the court's need to manage its dockets; (3) the risk of prejudice to the party seeking sanctions; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Leon v. IDX Sys. Corp.*, 464 F.3d 951, 959 (9th Cir. 2006).

The court need not make explicit findings regarding each factor. *Henry v. Gill Industries*, 938 F.2d 943, 948 (9th Cir. 1993) (citation omitted). However, the key factors are prejudice to the moving party and availability of lesser sanctions. *Id*. Moreover, sanctions must be reasonably related to the subject of discovery and "are appropriate only in extreme circumstances and where the violation is due to willfulness, bad faith, or fault of the party." *Fair Housing of Marin v. Combs*, 285 F.3d 899, 905 (9th Cir.), *cert. denied*, 537 U.S. 1018 (2002) (citations and internal quotations omitted); *Desert Palace, Inc. v. Michael*, No. 2:16-cv-00462-JAD-GWF, 2018 WL 4205026 at *2 (D. Nev. Sept. 4, 2018) (citation omitted). "Disobedient conduct not shown to be outside the litigant's control meets this standard." *Fair Housing of Marin*, 285 F.3d at 905 (citing

*Hyde & Drath v. Baker*, 24 F.3d 1162, 1167 (9th Cir. 1994)).

Here, the circumstances are sufficiently "extreme" to warrant sanctions, and the bad faith of defendant is apparent by his conduct. The court finds that case-dispositive sanctions are the only feasible means of addressing defendant's ongoing discovery- and case-related violations.

Mr. Ghibaudo admitted that defendant's responses to discovery requests had been inaccurate and assured the court—and plaintiff—that he would "revise it and update it and get it out to her in an appropriate way, objections and all." (ECF No. 117-2 at 10). Defendant secured a 60-day discovery extension with the stated purpose of complying with his discovery obligations. Nonetheless, defendant continued to deliberately disregard those obligations.

Further, defendant has flouted the rules and procedures of this court. Indeed, defendant's counsel indicated to the court that "[s]ince [he had] come on the case, [he had] basically read [defendant] the riot act and said don't disclose any of this to anybody, it shouldn't end up online. So he's understanding it—he understands that, I think." (ECF No. 117-2 at 4). Defendant's counsel further indicated that he "made it very clear to [defendant] that that's not—it shouldn't be done, it's contrary to the [c]ourt's orders, and it's just bad practice really in this case." *Id.*

Despite counsel's representation, defendant uploaded plaintiff's motion to seal to Facebook on May 13, 2019. (ECF No. 114-1).

The court further finds that defendant's initial discovery responses were at odds with the facts of the case as conceded by the defendant himself. For instance, defendant "denied" that he placed a recording device in his minor son's backpack to record conversations between the minor son and plaintiff. (ECF No. 117 at 5). But defendant admitted at his deposition that he placed a recording device in his minor son's backpack to record conversations between the minor son and plaintiff. (ECF No. 114-2). Put plainly, defendant's conduct in discovery has been baseless and in bad faith.

In sum, the court finds that it can consider plaintiff's motion to strike defendant's answer and enter default judgment. Having considered the motion and the factors laid out by the Ninth Circuit in *Leon* the court finds that sanctions are appropriate. The court further finds that

**James C. Mahan**
**U.S. District Judge**

- 8 -

defendant's ongoing pattern of bad faith conduct warrants case-dispositive sanctions. Accordingly, the court strikes defendant's answer.

The court turns to whether it can ascertain the amount of damages to award plaintiff. Plaintiff's complaint prays for $400,000 in punitive damages and $92,200 in damages for the cost of this action and the state court custody dispute, as well as statutory, general, and special damages. (ECF No. 81 at 14). Plaintiff's motion requests $150,000 general and special damages; $10,000 statutory damages; $103,000 actual damages; and $100,000 punitive damages. (ECF No. 114 at 13). Plaintiff does not provide evidence to support her claimed damages.

As a result, plaintiff is instructed to file an accounting of her damages, with competent evidence proving the amount thereof, within 21 days of this order. Defendant shall file a response, if any, to plaintiff's accounting within 14 days thereafter. Plaintiff shall file her reply, if any, within 7 days thereafter.

**IV.  Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that plaintiff's motion to strike defendant's answer and for entry of default judgment (ECF No. 114) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that defendant's answer (ECF No. 84) be, and the same hereby is, STRICKEN.

IT IS FURTHER ORDERED that plaintiff's first amended complaint filed on June 4, 2019, (ECF No. 82) be, and the same hereby is, STRICKEN.

IT IS FURTHER ORDERED that plaintiff shall file an accounting of her damages, with competent evidence proving the amount of those damages, within 21 days of this order.

IT IS FURTHER ORDERED that defendant shall file a response, if any, to plaintiff's accounting within 14 days after the filing of the accounting.

. . .

. . .

**James C. Mahan**
**U.S. District Judge**

- 9 -

IT IS FURTHER ORDERED that plaintiff shall file a reply, if any, to defendant's response within 7 days after the filing of the response.

DATED December 5, 2019.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 10 -