EUGENE G. IREDALE, ESQ.,
*Admitted Pro Hac Vice* (CA Bar No. 75292)
**IREDALE & YOO**
105 West F Street, Fourth Floor
San Diego, CA 92101
Telephone: (619) 233-1525
Email: egiredale@iredalelaw.com

LISA A. RASMUSSEN, ESQ.
Nevada Bar No. 7491
**MCLETCHIE LAW**
602 South Tenth Street
Las Vegas, NV 89101
Telephone: (702) 728-5300; Facsimile: (702) 425-8220
Email: Lisa@nvlitigation.com; efile@nvlitigation.com

*Attorneys for Plaintiff LYUDNYLA PYANKOVSKA*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| LYUDMYLA PYANKOVSKA, et al, <br><br> Plaintiffs, <br><br> vs. <br><br> SEAN ABID, et al, <br><br> Defendants. | Case No: 2:16-CV-2942 JCM-DJA <br><br> **AMENDED STIPULATION TO EXTEND DISCOVERY DEADLINES** |

IT IS HEREBY STIPULATED AND AGREED, pursuant to Federal Rules of Civil Procedure ("FRCP") 16, Local Rule ("LR") 26-3 and LR IA 6-1, between the Parties, by and through their counsel of record, for an order extending the

1

discovery schedule and related deadlines as set forth below, by forty-five (45) days.

### I. BACKGROUND OF THIS CASE AND REASONS WHY AN EXTENSION OF THE DISCOVERY DEADLINES IS REQUESTED

Plaintiff's Complaint was filed on December 20, 2016. (ECF 1.) Her Amended Complaint was filed om June 3, 2018. (ECF 81.) On February 5, 2020, the Court ruled on dispositive motions and granted some relief to Plaintiff, but not the relief she was seeking. (ECF 142, 147.) Plaintiff appealed to the Ninth Circuit Court of Appeals and the Circuit Court vacated the district court's prior orders and remanded the matter on April 18, 2023 in a published opinion. (ECF 151.)

In February 2024, the parties requested a settlement conference and a stay of the case until such time as a settlement conference could be held. (ECF 163, 164.) The parties held a settlement conference on June 5, 2024, but were unable to resolve the case. (ECF 171.)

In August 2024, the parties submitted a proposed scheduling order, which was approved by this Court on August 13, 2024. (ECF 179, Scheduling Order.) Plaintiff filed her Second Amended Complaint on September 10, 2024. (ECF 181.) Defendant John Jones filed a Motion to Dismiss the Second Amended Complaint on September 24, 2024. (ECF 183). Plaintiff filed a Response on October 8, 2024 and Defendant Jones filed his Reply on October 15, 2024. (ECF 184, 185.) Additionally, Defendant Jones filed a Motion for Judicial Notice on October 15, 2024, Plaintiff filed her Response on October 18, 2024 and Defendant Jones filed his Reply on October 25, 2024. (ECF 186, 187, 189.) Both motions are fully briefed, but there has not yet been a ruling on any of them.

Defendant Jones has provided initial disclosures to Plaintiff on January 17, 2025.. The majority of the records in this matter are prior case filings from a family

court matter that is the subject of this litigation. Defendant Jones also propounded written discovery and issued a notice of deposition on the same date.

On January 24, 2025, the undersigned local counsel for Plaintiff, Lisa Rasmussen, learned that lead counsel in this matter, Eugene Iredale, is in a complex class action trial in San Jose, California that is anticipated to last until a date in mid to late February. Ms. Rasmussen reached out to counsel for Defendant Jones to ask for an extension of time on the written discovery and seeking to move the proposed deposition date to a date when Mr. Iredale can attend, preferably in mid-March. Undersigned counsel for Defendant Jones is not opposed to extending that courtesy given Mr. Iredale's trial schedule. However, another issue arose that presented a problem.

Counsel for Plaintiff and Mr. Jones learned that counsel for Mr. Abid had been suspended and was not able to participate in a stipulation to extend discovery deadlines. Counsel for Mr. Abid had not yet been relieved of his representation in this matter, yet he was still counsel of record for Mr. Abid and as such, Mr. Abid could not represent himself for the purposes of navigating or executing this stipulation. Plaintiff and counsel for Mr. Jones did file a stipulation seeking a 45 day extension of the discovery deadlines (ECF 190), but were aware that filing it without the signature of one party was likely going to be problematic, even though they advised the Court as to the situation with Mr. Abid's counsel. (Id.) During this proposed 45 day extension period, the Court undertook its own process and issued an order directing Mr. Abid's counsel to serve the Order of Suspension on Mr. Abid and to respond to an order to show cause. (ECF 201.) Mr. Abid's counsel did respond to the order to show cause and the Court set a hearing for March 20, 2025. (ECF 203).

This counsel issue was resolved at a hearing held on March 20, 2025 and Mr. Abid will now be representing himself in this matter. The problem however for counsel for Plaintiff and Mr. Jones was that by the time these issues were

3

worked out, the initially proposed 45 day extension of dates had either lapsed or were approaching within days and that period of time was no longer workable. Thus, the parties determined that it was necessary to extend the proposed deadlines further than they had originally requested and this was conveyed to the Court at the time of the hearing. Counsel for Plaintiff and Mr. Jones conferred with Mr. Abid, who is representing himself pro se, met and conferred after the hearing. The parties mutually determined that they would benefit by moving the deadlines out an additional 90 days from the originally proposed extended deadlines of 45 days. Thus, this Amended Stipulation represents an approximate 135 day extension of the deadlines as reflected below (Original Request of 45 days + an additional 90 days), despite the fact that nothing could be accomplished during the originally proposed 45 day period.

## II.     INFORMATION PURSUANT TO LR 26-3 AND LR IA 6-1

### A. Discovery Completed to Date.

Plaintiffs will be producing initial disclosures by March 1, 2025.

Defendant Jones produced his initial disclosures on January 17, 2025.

Defendant Abid has not produced any disclosures as of this date.

As noted, the bulk of the disclosures pertain to pleadings in the prior family court litigation that is the subject matter of this litigation.

Defendant Jones served a deposition subpoena on January 24, 2025.

Defendant Jones also served interrogatories and requests for production on January 17, 2025 and responses to those documents are pending.

There have been no depositions yet and the one deposition scheduled will be continued to a date in March, per the internal stipulation of the parties.

### B. Discovery That Remains to Be Completed.

All Parties anticipate additional disclosures, written discovery, and expert disclosures.

Plaintiff will produce her disclosures by March 31, 2025.

Plaintiff will propound written discovery in early April, 2025.

The parties anticipate at least four depositions total.

### C. Current vs. Proposed Schedule

| Event | Current Deadline | Proposed Deadline |
|---|---|---|
| Discovery Cutoff | April 10, 2025 | Monday, August 25, 2025 |
| Amending Pleadings & Adding Parties | Deadline Passed | No Extension Sought |
| Initial Expert Disclosures | February 10, 2025 | Wednesday, June 25, 2025 |
| Rebuttal Expert Disclosures | March 12, 2025 | Friday, July 25, 2025 |
| Dispositive Motions Deadline | May 12, 2025 | Wednesday, September 24, 2025 |
| Joint Pretrial Order | June 10 2025 | Friday, October 24, 2025 |

### D. Good Cause Exists to Extend the Discovery and Scheduling Deadlines

Rule 16(b) and Local Rules 6-1 and 26-4 [26-3] require a showing of "good cause" before modifying a scheduling order.[1] In Rule 16's context, good cause is measured by diligence.[2] The rule permits a scheduling order's modification of a scheduling order where the movant shows diligence.[3] Under LR 26-3, a motion or stipulation to extend a discovery deadline filed within 21 days of the subject deadline must be supported by a showing of good cause. Here, the discovery cut off date is over 70 days out, so this request is not untimely. The initial expert deadline, however, is within 21 days.

As stated above, there is good cause to extend the amendment, discovery cutoff, and other deadlines by the requested one hundred and thirty five (135) days, based on the fact that Mr. Iredale, lead counsel for Plaintiff was in trial through the end of February 2025, Mr. Abid was without counsel until that issue was resolved on March 20, 2025 and he is now representing himself.

DATED this 27th day of March, 2025.

/s/ Lisa A. Rasmussen
LISA A. RASMUSSEN, Nevada Bar No. 7491
**MCLETCHIE LAW**
*Attorneys for Lyudmyla Pyankovska*

---

[1] *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608–09 (9th Cir.1992).

[2] *See Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294–95 (9th Cir. 2000) (*citing Johnson*, 975 F.2d 604, 607–09 (9th Cir. 1992)).

[3] *Coleman*, 232 F.3d at 1295.

6

     /s/ *Todd E. Kennedy*
TODD E. KENNEDY, ESQ., Nevada Bar No. 6014
**HOWARD & HOWARD**
*Attorneys for John Jones*



     /s/ *Sean Abid*
**SEAN ABID,** in proper person


**IT IS SO ORDERED.**

Date: 3/31/2025

The Honorable Daniel J. Albregts
United States Magistrate Judge