UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| LYUDMYLA PYANKOVSKA, | Case No. 2:16-CV-2942 JCM (DJA) |
| Plaintiff(s), | ORDER |
| v. | |
| SEAN ABID, et al., | |
| Defendant(s). | |

Presently before the court is defendant Sean Abid's motion to recuse or disqualify for judicial bias. (ECF No. 210). Also before the court is defendant's motion for judicial notice. (ECF No. 209).

I. **Background**

This action arises out of a custody battle between plaintiff and defendant. The parties are intimately familiar with the factual background of this case and the court need not recount them here. (*See e.g.* ECF No. 142).

Regarding the motions presently before the court, defendant finds issue with two aspects of this court's February 2, 2020, motion to extend time awarding statutory damages to plaintiff. (*Id.*). Defendant claims these issues indicate this court is impermissibly biased or impartial and must, therefore, recuse or be disqualified.

Additionally, defendant claims a different individual posted the transcripts at issue on Facebook and not him. (ECF No. 209; ECF No. 210). Defendant bases his motion for judicial notice on this contention.

. . .

**James C. Mahan**
**U.S. District Judge**

## II. Motion to Recuse or Disqualify

"It is well established in this circuit that a recusal motion must be made in a timely fashion." *United States v. Mikhel*, 889 F.3d 1003, 1026 (9th Cir. 2018) (citing *E. & J. Gallo Winery v. Gallo Cattle Co.*, 967 F.2d 1280, 1295 (9th Cir. 1992)). 28 U.S.C. § 144 expressly requires a motion to disqualify must be timely and the Ninth Circuit judicially requires the same timeliness standard for motions filed pursuant to 28 U.S.C. § 455. *Id.* "While there is no *per se* rule that recusal motions must be made at a fixed point in order to be timely, such motions should be filed with reasonable promptness after the ground for such a motion is ascertained." *Id.* Where "unexplained delay" in filing a recusal motion "suggests that the recusal statute is being misused for strategic purposes," the motion will be denied as untimely. *Id.* at 1026–27 (citation omitted); *see also United States v. Rogers*, 119 F.3d 1377, 1380 (9th Cir. 1997); *Davies v. Comm'r*, 68 F.3d 1129, 1131 (9th Cir. 1995).

Here, defendant alleges the conduct giving rise to the motion to recuse or disqualify stems from this court's order granting defendant's motion to extend time where the court also awarded statutory damages. (ECF No. 142). Defendant could ascertain the grounds on which to bring a bias or partiality motion immediately upon review of this court's order when the order was granted in February of 2020. However, defendant waited until June of 2025 to file his motion for dismissal. Defendant's delay in filing such a motion is therefore denied as untimely.[1]

## III. Motion for Judicial Notice

A court may judicially notice facts that: "(1) [are] generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Under this standard, courts may judicially notice "undisputed matters of public record," but generally may not notice "disputed facts stated in public records." *Lee v. City of Los Angeles*, 250 F.3d 668, 690 (9th Cir.

---

[1] In addition to its untimeliness, defendant's recusal motion fails on the merits. The Supreme Court has held that bias must usually stem from an extrajudicial source and that judicial rulings alone rarely constitute a basis for such a motion because they cannot possibly show reliance upon an extrajudicial source. *Liteky v. United States*, 510 U.S. 540, 554–56. Here, defendant's contentions come solely from the text of this court's 2020 order (ECF No. 142). This is legally insufficient for a finding of judicial bias or impartiality without other evidence in support of any such contentions.

**James C. Mahan**
**U.S. District Judge**

- 2 -

2001), overruled on other grounds by *Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1125–26 (9th Cir. 2002). However, courts are not permitted to take judicial notice of the truth of the contents of a document. *See Tandon v. Newsom*, 517 F. Supp. 3d 922, 944 (N.D. Cal. 2021); *Hadley v. Kellogg Sales Company*, 273 F. Supp. 3d 1052, 1061 (N.D. Cal. 2017).

Here, the court need not take notice of the screenshots of the Facebook post and comments defendant attached alongside his motion for judicial notice. (ECF No. 209). The court is already aware of this document and has referenced it in prior orders. (*See* ECF No. 142). Defendant is attempting to use the motion for judicial notice to prove the truth of the documents at issue—a request the court has no power to grant. Therefore, defendant's motion for judicial notice is denied.

## IV.   Conclusion

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that defendant's motion to recuse or disqualify (ECF No. 210) be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that defendant's motion for judicial notice (ECF No. 209) be, and the same hereby is, DENIED.

DATED August 18, 2025.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**