UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| LYUDMYLA PYANKOVSKA,<br><br>　　　　　Plaintiff(s),<br><br>　v.<br><br>SEAN ABID, et al.,<br><br>　　　　　Defendant(s). | Case No. 2:16-CV-2942 JCM (DJA)<br><br>ORDER |

Presently before the court is defendant John Jones's motion to dismiss. (ECF No. 183). Plaintiff Lyudmyla Pyankovska filed a response (ECF No. 184), to which defendant replied. (ECF No. 185).

Also before the court is defendant's motion to take judicial notice. (ECF No. 186). Plaintiff filed a response (ECF No. 187), to which defendant replied. (ECF No. 189).

**I.　Background**

This action arises out a custody battle between plaintiff and defendant Sean Abid. The following allegations derive from plaintiff's second amended complaint ("SAC"). Plaintiff and defendant Abid are former spouses who got divorced on February 17, 2010. (*See* ECF No. 181). Pursuant to the divorce decree, the parties agreed to joint legal and physical custody of their minor child, "S." (*Id.*).

**James C. Mahan**
**U.S. District Judge**

On or about January 9, 2015, plaintiff filed a motion for contempt of court against defendant Abid.[1] (*Id.*). Sometime thereafter, defendant Abid inserted a recording device into the child's school backpack with the intent of intercepting communications between him, plaintiff, and plaintiff's husband. (*Id.*).

The device recorded multiple conversations between the child and plaintiff. (*Id.*). Defendant Abid brought digital copies of these conversations to his lawyer, defendant Jones, as well as transcribed portions of the recordings in typewritten form. (*Id.*). Plaintiff first discovered the existence of the recordings on February 4, 2015, when defendant Jones introduced them as exhibits to a countermotion to modify primary custody. (*Id.*).

Throughout the course of litigation, plaintiff discovered that defendant Abid had deleted portions of the recordings and erased the software that he used to edit the recordings. (*Id.*). The court subsequently authorized defendants to give copies of the recordings and transcripts to expert witness Dr. Holland to prepare for an interview of the child. (*Id.*).

The court ultimately ruled that the introduction of the recordings as independent evidence would violate NRS 200.650, as defendant Abid's procurement of such recordings did not meet the requirements for the "vicarious consent doctrine." (*Id.*). However, the court ruled the recordings admissible as a basis for the testimony and report of Dr. Holland. (*Id.*).

After years of litigation and an appeal to the Ninth Circuit, plaintiff filed a second amended complaint against both defendants. (*Id.*). Defendant Jones now moves to dismiss plaintiff's state law claims against him. (ECF No. 183). The state law claims include (1) violations of NRS

---

[1] The motion sought to modify the custody order and appoint a parenting coordinator to compel production of the child's passport. (*See* ECF No. 181).

James C. Mahan
U.S. District Judge

- 2 -

§200.650, (2) public disclosure of private facts, (3) intentional infliction of emotional distress, (4) negligent infliction of emotional distress, and (5) negligence. (*See* ECF No. 181).

## II. Legal Standard

A court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "[a] short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

"Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (citation omitted).

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, the court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Id.* at 678–79. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id.* at 678.

Second, the court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id.* at 679. A claim is facially plausible when the plaintiff's complaint alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 678.

James C. Mahan
U.S. District Judge

- 3 -

Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged—but not shown—that the pleader is entitled to relief." *Id.* (internal quotation marks omitted). When the allegations in a complaint have not crossed the line from conceivable to plausible, plaintiff's claim must be dismissed. *Twombly*, 550 U.S. at 570.

The Ninth Circuit addressed post-*Iqbal* pleading standards in *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). The *Starr* court stated, in relevant part:

> First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively. Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation.

*Id*. District courts apply federal pleading standards to state law claims in federal court. *See Faulkner v. ADT Sec. Servs., Inc.*, 706 F.3d 1017, 1021 (9th Cir. 2013) (applying federal pleading standards to action removed from state court).

The court, on a motion to dismiss, is limited to the allegations contained in the complaint. *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001). "A court may, however, consider certain materials—documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice—without converting the motion to dismiss into a motion for summary judgment." *Ritchie*, 342 F.3d at 908.

### III.  Discussion

As an initial matter, defendant requests that this court take judicial notice of certain Nevada Supreme Court filings. (ECF No. 186). Plaintiff's opposition argues that the request is irrelevant. (ECF No. 187). Under Federal Rule of Evidence 201, a "court may judicially notice a fact that is not subject to reasonable dispute." Fed. R. Evid. 201(b). Because plaintiff fails to meaningfully

**James C. Mahan**
**U.S. District Judge**

- 4 -

oppose defendant's request, the court grants his motion and finds that the facts are not subject to reasonable dispute. (*See* ECF No. 187).

Defendant Jones's motion to dismiss sets forth one argument: the state law claims must be dismissed because they are barred by the Nevada litigation privilege. (*See* ECF No. 183). Alternatively, he argues that if this court is uncertain as the litigation privilege's applicability, it should certify the question to the Nevada Supreme Court. (*Id*.).

The Wiretap Act prohibits the interception, disclosure, or use in court of oral communications obtained in violation of the Act. *See* 18 U.S.C. § 2511(1)(c)-(d). The prohibitions in the Nevada Wiretap Act mirror the Federal Act. *See* Nev. Rev. Stat. §§ 200.620-.690.

Here, defendant Jones "used and disclosed those illegally obtained, selectively edited communications by attaching them as exhibits to a motion in state court." *Pyankovska v. Abid*, 65 F.4th 1067, 1078 (9th Cir. 2023).

The Nevada Supreme Court has recognized "the long-standing common law rule that communications uttered or published in the course of judicial proceedings are absolutely privileged," and an attorney who made the communications is immune from civil liability. *Fink v. Oshins*, 49 P.3d 640, 643 (2002) (quoting *Circus Circus Hotels v. Witherspoon*, 657 P.2d 101, 104 (1983)). The "courts should apply the absolute privilege standard liberally, resolving any doubt in favor of its relevancy or pertinency." *Fink v. Oshins*, 49 P.3d 640, 644 (Nev. 2002).

"The policy behind the [litigation] privilege, as it applies to attorneys participating in judicial proceedings, is to grant them 'as officers of the court the utmost freedom in their efforts to obtain justice for their clients.'" *Id.* at 433, 49 P.3d at 643 (quoting *Bull v. McCuskey*, 615 P.2d

James C. Mahan
U.S. District Judge

- 5 -

957, 961 (1980) *abrogated on other grounds by Ace Truck & Equip. Rentals, Inc. v. Kahn*, 746 P.2d 132 (1987), *abrogated by Bongiovi v. Sullivan*, 122 Nev. 556, 138 P.3d 433 (2006)).

Defendant Jones argues that all allegations based on state law set forth in plaintiff's second amended complaint against him are barred by Nevada's litigation privilege. (ECF No. 183 at 9). Plaintiff opposes, arguing that the litigation privilege does not apply here because it does not apply to attorney malfeasance, attorney malpractice, and collusive conduct depriving an expert of his fee. (ECF No. 184 at 6).

Moreover, plaintiff argues the Ninth Circuit's holding that defendant Jones's conduct violated federal law and NRS § 200.650, the litigation privilege does not apply. (*Id.*). Finally, plaintiff argues that 18 U.S.C. § 2515's preemptive language prevents Nevada's litigation privilege from applying. (*Id.* at 7-9).

As an initial matter, the Ninth Circuit found that any state litigation privilege did not trump Jones's federal obligations under the federal Wiretap Act. *See Pyankovska*, 65 F.4th at 1067. However, the Nevada litigation privilege still applies to the Nevada state law claims.

All of plaintiff's arguments are unavailing. She argues that the litigation privilege does not apply to attorney malfeasance, attorney malpractice, and collusive conduct depriving an expert of his fee (ECF No. 184 at 6), yet never argues that any such circumstances apply to the instant matter. Moreover, even if the Ninth Circuit found that defendant Jones's conduct violated the federal Wiretap Act and NRS § 200.650, plaintiff still fails to show why the litigation privilege does not apply here.

Defendant Jones "used and disclosed those illegally obtained, selectively edited communications by attaching them as exhibits to a motion in state court." *Pyankovska*, 65 F.4th at 1078. However, such communications in state court were privileged. *See Fink*, 49 P.3d at 643.

Thus, the court finds that defendant Jones's in court conduct is protected by the Nevada litigation privilege. All state law claims against defendant Jones are dismissed with prejudice.

### IV. Conclusion

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that defendant's motion to dismiss (ECF No. 183) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that defendant's motion for judicial notice (ECF No. 186) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that state law causes of action against defendant Jones are DISMISSED with prejudice. The case proceeds on all remaining claims.

DATED August 19, 2025.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 7 -