UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| LYUDMYLA PYANKOVSKA,<br><br>                               Plaintiff(s),<br>      v.<br>SEAN ABID, et al.,<br>                               Defendant(s). | Case No. 2:16-CV-2942 JCM (DJA)<br><br>ORDER |

Presently before the court is a flood of motions and filings from defendant Sean Abid. (ECF Nos. 215–21; 223–27). Plaintiff Lyudmyla Pyankovska filed a response addressing all motions and filings before the court. (ECF No. 226).

**I.    Background**

The parties are intimately familiar with the factual background regarding this case and the court need not repeat them here. Defendant has filed some 11 documents and motions in the span of two months following the court's last orders granting former defendant Jones's motion to dismiss and denying defendant's motion to disqualify. In these filings, defendant repeats the same flawed line of reasoning proffered for his motion to disqualify.

**II.    Motion to set aside**

    a.  <u>Legal standard</u>

Entry of default is appropriate as to any party against whom a judgment for affirmative relief is sought that has failed to plead or otherwise defend as provided by the Federal Rules of Civil Procedure and where that fact is made to appear by affidavit or otherwise. *See* Fed. R. Civ. P. 55(a). Rule 12 of the Federal Rules of Civil Procedure requires that "a defendant must serve an answer within 21 days after being served with the summons and complaint; or if it has timely

**James C. Mahan**
**U.S. District Judge**

waived service under Rule 4(d), within 60 days after the request for a waiver was sent." Fed. R. Civ. P. 12(a)(1)(A).

Once default has been entered against a defendant, the court may, "[f]or good cause shown ... set aside an entry of default ...." Fed. R. Civ. P. 55(c). "The court's discretion is especially broad where, as here, it is entry of default that is being set aside, rather than default judgment." *O'Connor v. Nevada*, 27 F.3d 357, 364 (9th Cir. 1994) (quoting *Mendoza v. Wight Vineyard Mgmt.*, 783 F.2d 941, 945 (9th Cir. 1986)); *see also Brady v. United States*, 211 F.3d 499, 504 (9th Cir. 2000). Default is generally disfavored. *In re Hammer*, 940 F.2d 524, 525 (9th Cir. 1991); *Westchester Fire Ins. Co. v. Mendez*, 585 F.3d 1183, 1189 (9th Cir. 2009). Therefore, "'[w]here timely relief is sought from a default ... and the movant has a meritorious defense, doubt, if any, should be resolved in favor of the motion to set aside the [default] so that cases may be decided on their merits.'" *Mendoza*, 783 F.2d at 945–46 (quoting *Schwab v. Bullock's, Inc.*, 508 F.2d 353, 355 (9th Cir. 1974) (internal quotations and citation omitted)).

To determine whether a party has shown good cause, the court must examine "(1) whether [the party seeking to set aside the default] engaged in culpable conduct that led to the default; (2) whether [it] had [no] meritorious defense; [and] (3) whether reopening the default judgment would prejudice any other party." *United States v. Signed Personal Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1091 (9th Cir. 2010) [hereinafter "*Mesle*"] (quoting *Franchise Holding II, LLC v. Huntington Rests. Group, Inc.*, 375 F.3d 922, 925–26 (9th Cir. 2004)) (quotation marks omitted); *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984) (adopting the three-factor test for the first time in the Ninth Circuit). When performing this analysis, the court must remember that "judgment by default is a drastic step appropriate only in extreme circumstances; a case should, whenever possible, be decided on the merits." *Mesle*, 615 F.3d at 1091 (quoting *Falk*, 739 F.2d at 463) (quotation marks omitted).

b. <u>Discussion</u>

Defendant argues that he satisfies all three of the factors that favor setting aside the default judgment. First, defendant claims that the default judgment resulted from his pro se status and was, therefore, non-willful. This is a blatant mischaracterization of the events that have transpired

**James C. Mahan**
**U.S. District Judge**

- 2 -

before this court. While defendant is now proceeding pro se, at the time of the default judgment in 2019 through early 2025—a period of five years—he was represented by counsel. The delay in filing this motion, which is discussed further *infra*, demonstrates defendant's dishonesty regarding the first factor in the analysis.

Next, defendant claims he has a meritorious defense justifying the court setting aside default judgment. This argument is senseless. This court determined defendant liable—and the Ninth Circuit affirmed—notwithstanding the same arguments made time and time again by defendant. Defendant has not provided any new factual or legal arguments of consequence that support the assertion that a meritorious defense exists in this case.

Defendant further reasons there is no prejudice to plaintiff because setting aside allows a merits-based resolution. Defendant's rationale does not even address the potential prejudice that setting aside judgment from five years ago would have on plaintiff. Rather than presenting any argument as to prejudice, defendant once again resorts to discredited attacks on plaintiff's evidence.

Lastly, despite the defendant's assertion that the motion was filed within a reasonable time, for the same reasons discussed in this court's decision denying his motion to disqualify, this motion is clearly untimely. If defendant genuinely believed this court erred in granting default judgment, his counsel should have raised that objection years ago by means of the present motion.

Defendant's motion to set aside is denied.

**III.    Reconsideration**

a.    Legal standard

Motions for reconsideration offer "an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) (internal citation and quotation marks omitted). "Indeed, 'a motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law.'" *Id.* (quoting *Kona Enters., Inc. v. Est. of Bishop*, 229 F.3d 877, 883 (9th Cir. 2000)).

James C. Mahan
U.S. District Judge

- 3 -

A motion to reconsider must provide a court with valid grounds for reconsideration, which include showing some valid reason why the court should reconsider its prior decision and setting forth facts or law of a strongly convincing nature to persuade the court to reverse its prior decision. *See Frasure v. United States*, 256 F. Supp. 2d 1180, 1183 (D. Nev. 2003) (citing *All Haw. Tours Corp. v. Polynesian Cultural Ctr.*, 116 F.R.D. 645, 648–49 (D. Haw. 1987), *rev'd on other grounds*, 855 F.2d 860 (9th Cir. 1988)).

Further, a motion for reconsideration is not an avenue to present arguments already raised; that is, a motion for reconsideration is not a mechanism for an unsuccessful party to reiterate arguments previously presented. *See Maraziti v. Thorp*, 52 F.3d 252, 255 (9th Cir. 1995); *Khan v. Fasano*, 194 F. Supp. 2d 1134, 1136 (S.D. Cal. 2001) ("A party cannot have relief under this rule merely because he or she is unhappy with the judgment.").

A district court may properly reconsider its decision if it "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *School Dist. No. 1J v. ACandS, Inc.,* 5 F.3d 1255, 1263 (9th Cir.1993).

Clear error occurs when "the reviewing court on the entire record is left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.,* 333 U.S. 364, 395 (1948). The standard for clear error is "very exacting" and not easy to reach. *Campion v. Old Republic Home Prot. Co.*, No. 09-CV-748-JMA NLS, 2011 WL 1935967, at *1 (S.D. Cal. May 20, 2011). "Mere doubts or disagreements about the wisdom of a prior decision" do not suffice; the decision must be "more than just maybe or probably wrong; it must be dead wrong." *Id*

b. <u>Discussion</u>

Defendant does not make any new or persuasive arguments in support of this motion. Instead, he simply states that the court's refusal to accept the arguments made in his motion for recusal justify reconsideration. Despite defendant's contention that "[t]he appearance of judicial bias here is so strong that it transcends ordinary timeliness concerns," (ECF No. 217 at 3), this is not the case. As discussed in this court's denial of the motion to disqualify, timeliness is a bar to

James C. Mahan
U.S. District Judge

- 4 -

the remedy sought by defendant. Nevertheless, if the court were to ignore the timeliness issue, the motion lacked merit, and the result would be identical. (*See* ECF No. 213 at 2 n.1).

Defendant's motion to reconsider is denied.

**IV.    Other motions and filings**

Defendant has filed four motions for leave to supplement. Because the court has denied both underlying motions, these are also denied. Additionally, defendant's notices filed in support of these motions are stricken.

**V.    Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that defendant's motions (ECF Nos. 215, 217, 218, 220, 223, 224) be, and the same hereby are, DENIED.

IT IS FURTHER ORDERED that defendant's filings (ECF Nos. 219, 221, 225, 227) are stricken.

DATED October 16, 2025.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**