EUGENE G. IREDALE, ESQ.,
*Admitted Pro Hac Vice* (CA Bar No. 75292)
**IREDALE & YOO**
105 West F Street, Fourth Floor
San Diego, CA 92101
Telephone:  (619) 233-1525
Email:  egiredale@iredalelaw.com

LISA A. RASMUSSEN, ESQ.
Nevada Bar No. 7491
**MCLETCHIE LAW**
602 South Tenth Street
Las Vegas, NV 89101
Telephone: (702) 728-5300; Facsimile: (702) 425-8220
Email: Lisa@nvlitigation.com; efile@nvlitigation.com

*Attorneys for Plaintiff LYUDNYLA PYANKOVSKA*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| LYUDMYLA PYANKOVSKA, et al, | |
| Plaintiffs, | Case No: 2:16-CV-2942 JCM-~~BNW~~ DJA |
| vs. | |
| SEAN ABID, et al, | **STIPULATION TO EXTEND DISCOVERY DEADLINES (Fourth)** |
| Defendants. | |

IT IS HEREBY STIPULATED AND AGREED, pursuant to Federal Rules of Civil Procedure ("FRCP") 16, Local Rule ("LR") 26-3 and LR IA 6-1, between the Parties, by and through their counsel of record, for an order extending the

1

discovery schedule and related deadlines as set forth below, by 45 days.

**I.      BACKGROUND OF THIS CASE AND REASONS WHY AN EXTENSION OF THE DISCOVERY DEADLINES IS REQUESTED**

Plaintiff's Complaint was filed on December 20, 2016. (ECF 1.)   Her Amended Complaint was filed om June 3, 2018.  (ECF 81.)  On February 5, 2020, the Court ruled on dispositive motions and granted some relief to Plaintiff, but not the relief she was seeking.  (ECF 142, 147.)  Plaintiff appealed to the Ninth Circuit Court of Appeals and the Circuit Court vacated the district court's prior orders and remanded the matter on April 18, 2023 in a published opinion.  (ECF 151.)

In February 2024, the parties requested a settlement conference and a stay of the case until such time as a settlement conference could be held.  (ECF 163, 164.) The parties held a settlement conference on June 5, 2024, but were unable to resolve the case.  (ECF 171.)

In August 2024, the parties submitted a proposed scheduling order, which was approved by this Court on August 13, 2024.  (ECF 179, Scheduling Order.) Plaintiff filed her Second Amended Complaint on September 10, 2024. (ECF 181.) Defendant John Jones filed a Motion to Dismiss the Second Amended Complaint on September 24, 2024.  (ECF 183).  Plaintiff filed a Response on October 8, 2024 and Defendant Jones filed his Reply on October 15, 2024.   (ECF 184, 185.) Additionally, Defendant Jones filed a Motion for Judicial Notice on October 15, 2024, Plaintiff filed her Response on October 18, 2024 and Defendant Jones filed his Reply on October 25, 2024.  (ECF 186, 187, 189.)  Both motions are fully briefed, but there has not yet been a ruling on any of them.

Defendant Jones has provided initial disclosures to Plaintiff on January 17, 2025.. The majority of the records in this matter are prior case filings from a family court matter that is the subject of this litigation.  Defendant Jones also propounded

written discovery and issued a notice of deposition on the same date. That deposition was postponed due to Mr. Iredale being in trial most of January and February 2025 and to an issue that arose related to Mr. Abid's counsel. The issues regarding Mr. Abid's counsel were addressed to the Court and resolved with the withdrawal of his counsel. See ECF 201, 202, 203, 204.

Once the counsel issue was resolved in late March, the parties entered into a stipulation to extend discovery for a period of 90 days and the Court approved the Stipulation. ECF 206, 207. However, Mr. Abid filed a motion asking that counsel be appointed to represent him (ECF 205) and that motion was denied on May 30, 2025 (ECF 208) thus, Mr. Abid continues to represent himself as a pro se litigant.

The parties entered into another stipulation to extend discovery on June 25, 2025 for a period of 90 days and that stipulation was granted. (ECF 212.) In October 2025, the parties entered into another stipulation to accommodate deposition scheduling issues. That stipulation was granted. (ECF 231.)

Plaintiff propounded discovery to Jones in October and November 2025 and was awaiting responses to schedule his deposition. Defendant Jones has taken deposition that he indicated he wanted to take in November 2025. A dispute has arisen regarding Plaintiff's discovery requests to Defendant Jones that encompasses two issues: (1) Jones contends that the documents requested are not in his possession and (2) Jones may have attorney-client privilege objections to some of those documents even if they were in his possession. The parties met and conferred on this issue recently and are working through the issues by issuing a subpoena to Jones' former firm with instruction to allow counsel for Jones to first review the documents for privilege. As this will take some time for the return of the subpoena and the review of the documents to identify potential objections, the parties require an extension of the presently set discovery deadline which is today's date. Additionally, though it is unknown at this time, Defendant Jones has

3

indicated that these issues may need to be addressed by the Court as to potential privilege and exceptions thereto. Accordingly, the parties request a 120 day extension to provide sufficient time to make these determinations, which need to be made before Mr. Jones can be deposed.

## II.    INFORMATION PURSUANT TO LR 26-3 AND LR IA 6-1

### A.  Discovery Completed to Date.

Plaintiff has produced her initial disclosures and supplemental disclosures.

Defendant Jones and Abid produced his initial disclosures.

Defendant Abid has not produced any disclosures as of this date, however, he has filed some documents requesting "judicial notice."

The bulk of the disclosures pertain to pleadings in the prior family court litigation that is what led to this litigation.

Defendant Jones also served interrogatories and requests for production on and Plaintiff has responded to those requests.

Plaintiff served two sets of request for production to Defendant Jones, and one set to Abid. All defendants responded, but Jones' responses were that he lacked possession of the items requested, they were with his former law firm. As noted above, this led to the meet and confer process, which the parties are attempting to resolve via subpoena to the former firm, but Jones may have objections based on privilege that may need to be litigated.

Plaintiff cannot depose Jones or Abid until there has been a meaningful response to the requests for production. There is no need for an extension of expert disclosures.

**B. Discovery That Remains to Be Completed.**

Plaintiff anticipates noticing the depositions of Defendants Jones and Abid as soon as it receives the documents it requested or is otherwise satisfied that it has received a meaningful response to the requests. Mr. Abid has indicated that he objects to having his deposition on the ground that he believes discovery is limited to damages under the Ninth Circuit's remand and Rule 26(b)(1) and the parties agree that by entering into this stipulation, Mr. Abid is not waiving that objection or his right to seek a protective order from the Court.

**C. Current vs. Proposed Schedule**

| Event | Current Deadline | Proposed Deadline |
| --- | --- | --- |
| Discovery Cutoff | Wednesday February 11, 2026 | Friday, June 12, 2026.[1] |
| Amending Pleadings & Adding Parties | No Extension Sought | No Extension sought |
| Initial Expert Disclosures | No extension sought | No extension sought |
| Rebuttal Expert Disclosures | No extension sought | No extension sought |
| Dispositive Motions Deadline | Friday, March 13, 2026 | Monday, July 13, 2026.[2] |
| Joint Pretrial Order | Monday, April 13, 2026 | Wednesday, August 12, 2026. |

[1] This is 119 days from the present discovery cut-off date.
[2] 30 days from the discovery cut off date of June 12, 2026 falls on a Sunday, so this date is advanced to Monday, July 13, 2026.

MCLETCHIE LAW

ATTORNEYS AT LAW
602 SOUTH TENTH STREET
LAS VEGAS, NV 89101
(702)728-5300 (T) / (702)425-8220 (F)
WWW.NVLITIGATION.COM

### D. Good Cause Exists to Extend the Discovery and Scheduling Deadlines

Rule 16(b) and Local Rules 6-1 and 26-4 require a showing of "good cause" before modifying a scheduling order.[3] In Rule 16's context, good cause is measured by diligence.[4] The rule permits a scheduling order's modification of a scheduling order where the movant shows diligence.[5] Under LR 26-3, a motion or stipulation to extend a discovery deadline filed within 21 days of the subject deadline must be supported by a showing of good cause.  Ms. Pyankovska's counsel sent a meet and confer letter to counsel for Mr. Jones on January 5, 2026.  The parties attempted to meet and confer earlier in January and were unable to do so until early February due to scheduling issues among Mr. Kennedy, Mr. Iredale and Ms. Rasmussen. By the time the meet and confer was done and a path forward discussed by the parties, it was already within the 21 day deadline, but the parties thought it best to explain in this stipulation that there was a plan and the plan is being executed, though it may still require court intervention at some point.

As stated above, there is good cause to extend the amendment, discovery cutoff, and other deadlines by the requested 120  days (120) days.  The parties will need to wait for a response to the subpoena, counsel for Jones will need to first review the materials to determine whether there are objections he will need to make based on privilege and that in turn may require the presentation of issues to

---

[3] *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608–09 (9th Cir.1992).

[4] *See Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294–95 (9th Cir. 2000) (*citing Johnson*, 975 F.2d 604, 607–09 (9th Cir. 1992)).

[5] *Coleman*, 232 F.3d at 1295.

the court to resolve.  Whether court intervention is needed is unknown at this time. Once this process is completed, Ms. Pyankovska needs to set her depositions.  So for each of these reasons, it is the belief of the parties that a 120 day extension is safest.  The only deadline they seek to extend is the discovery cut-off deadline.

DATED this 11ᵗʰ  day of February, 2026.

/s/ Lisa A. Rasmussen
LISA A. RASMUSSEN, Nevada Bar No. 7491
**MCLETCHIE LAW**
*Attorneys for Lyudmyla Pyankovska*

/s/ Todd E. Kennedy
TODD E. KENNEDY, ESQ., Nevada Bar No. 6014
**HOWARD & HOWARD**
*Attorneys for John Jones*

/s/ Sean Abid

**SEAN ABID,** in proper person

**IT IS SO ORDERED.**

Date: ___2/12/2026___          _____

The Honorable Daniel J. Albregts
United States Magistrate Judge

7